# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **MARY KAY INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **AGELESS CONCEPTS INC., and** | § | |
| **WG PRODUCTS INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Mary Kay Inc. files this Original Complaint against Defendants Ageless Concepts, Inc. and WG Products, Inc., and would respectfully show:

## PARTIES

1. Plaintiff Mary Kay Inc. is a Delaware corporation, licensed to do business in the State of Texas. Mary Kay maintains its principal place of business at 16251 Dallas Parkway, Addison, Texas 75001.

2. On information and belief, Defendant Ageless Concepts Inc. is a New Jersey corporation with a principal place of business at 269 Alfred Avenue, Englewood Cliffs, New Jersey, 07632. On information and belief, Kumar Ramani is the sole dominating and controlling owner of Ageless Concepts.

3. On information and belief, Defendant WG Products Inc. is a New Jersey corporation with a principal place of business at 70 Maltese Drive, Totowa, New Jersey, 07512.

## JURISDICTION AND VENUE

4. This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.* Accordingly, original jurisdiction over this case is conferred pursuant to 15 U.S.C. §§ 1121, 1125 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. Upon information and belief, Defendants have conducted business in Texas and in this Judicial District. Venue is therefore proper under 28 U.S.C. §§ 1391(b).

6. This Court has personal jurisdiction over Defendants because they have sufficient contacts with the State of Texas and this Judicial District to subject it to specific and general personal jurisdiction.

## BACKGROUND

**A.   Mary Kay**

7. Mary Kay is a global manufacturer and wholesale distributor of cosmetics, toiletries, skin care, and related products and services. In 2013, Mary Kay's global sales surpassed $3.5 billion and its number of independent beauty consultants grew to more than 3 million worldwide. The worldwide success and recognition of the Mary Kay brand is undeniable as the Company's products are now sold in over thirty-five (35) markets around the world. Founded in 1963, Mary Kay has become one of the best known direct sellers of skin care products and color cosmetics in the United States. Moreover, its founder, Mary Kay Ash, has been widely recognized as one of the most influential businesswomen in history.

8. Mary Kay adopted the JOURNEY trademark for perfumes and colognes, and for related fragrance products, including bath products, gels, body lotions and creams at least as early as 1997, long before Defendants began use of the infringing mark, and Mary Kay has continuously used its JOURNEY marks in connection with the sale of its products since that time. Mary Kay owns exclusive rights to the JOURNEY trademark in the United States for use with perfumes, colognes, and related goods, as evidenced by U.S. trademark Registration Nos. 2159754 and 2250628, both of which are valid and subsisting (the "JOURNEY Marks"). These registrations have a constructive first use date of October 1995 and are also incontestable in accordance with Section 15 of the Lanham Act, 15 U.S.C. § 1065. Mary Kay also owns numerous foreign registrations of the JOURNEY mark.

9. As a result of Mary Kay's early adoption and long-established use, the JOURNEY Marks are widely recognized and relied upon by the public in Texas and throughout the United States to identify Mary Kay's products, and to distinguish Mary Kay's products and services from the products or services of others. Moreover, Mary Kay has an extensive media campaign, and Mary Kay uses the JOURNEY Marks in various media formats, including on the Internet, to promote its products.

10. As a result of the continuous usage and promotion of the JOURNEY Marks, Mary Kay has acquired, in addition to the rights established through registration, recognized common-law rights in the JOURNEY Marks. Mary Kay has also developed valuable goodwill in the JOURNEY Marks and the quality of the products sold using those trademarks.

**D.    Harvey Prince**

11.    Upon information and belief Defendants own, operate, and control a website using the domain name harveyprince.com, on which they promote, advertise, offer for sale, or otherwise distribute three personal fragrance products using Mary Kay's JOURNEY Marks without authorization: (1) the "Journey Mini Roller EDP;" (2) the "Journey Tall Spray EDP;" and (3) the "Journey 1.7oz EDT." Upon information and belief, those products are also available for sale through a number of other distributors, including Birchbox.

12.    Defendants' unauthorized use of the JOURNEY Marks has confused or is likely to confuse consumers regarding its affiliation, connection, or association of Defendants with Mary Kay, as well as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Mary Kay.

13.    As a result of the confusion that has been or is likely to be engendered by Defendants' activities, Mary Kay's JOURNEY Marks and associated goodwill are therefore being irreparably harmed. Additionally, consumer reviews of Defendants' products confirm the inferior quality of its products. Consumers have stated, for example, that the fragrance is "overpowering," and that it smells "synthetic and cheap," like "a mix of baby powder and moth balls," and even "like an old lady dying in a flower patch."

## COUNT I: Trademark Infringement (15 U.S.C. § 1114)

14.    Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

15. Defendants' conduct constitutes trademark infringement under the Lanham Act, codified at 15 U.S.C. § 1114.

16. On information and belief, Defendants' actions have been willful, with full knowledge of Mary Kay's trademark rights, and with an intent to trade on Mary Kay's goodwill in such registered trademarks, thus making this an exceptional case under 15 U.S.C. § 1117(a).

17. As a result of Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief, damages in an amount to be proved at trial, including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs incurred in connection with this action.

## COUNT II: Unfair Competition (15 U.S.C. § 1125)

18. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

19. By and through the acts and omissions described in more detail above, Defendants have, without Mary Kay's consent or authorization, used in interstate commerce and to advertise and/or promote its services, a word, term, name, or symbol, or any combination thereof, including, without limitation, the JOURNEY Marks, which are likely to mislead, cause confusion, and/or cause mistake or deception regarding Mary Kay's services and/or commercial activities, and/or approval or sponsorship of the false advertisements.

20. Defendants' acts and omissions described in this Complaint and in this Count constitute unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

ORIGINAL COMPLAINT                                                    PAGE 5
4819-5175-4779

21.   Upon information and belief, the wrongful acts and/or omissions alleged in this Complaint and in this Count are willful.

22.   Such wrongful acts and/or omissions by Defendants have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Mary Kay for which Mary Kay has no adequate remedy at law. This includes, without limitation, loss of business, customer relations, competitive advantage, and/or goodwill. For the reasons described above, Mary Kay is likely to succeed on the merits of its underlying claims. Moreover, the potential injury to Defendants (if any) is minimal, and does not outweigh the actual and/or potential injuries to Mary Kay if Defendant is not enjoined. Therefore, Mary Kay is entitled to preliminary and permanent injunctive relief, as further described in the Prayer for Relief in this Complaint.

23.   Such wrongful acts and/or omissions by Defendants also have caused and will continue to cause actual damages to Mary Kay. Therefore, Mary Kay is entitled to a monetary judgment against Defendant in an amount to be determined by a jury.

24.   Mary Kay is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of such wrongful acts and omissions.

25.   Mary Kay is further entitled to recover the costs of this action. Mary Kay is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing mistake, confusion or deception, and/or that this is an exceptional case entitling Mary Kay to recover additional damages and reasonable attorneys' fees.

## **COUNT III: Trademark Dilution (15 U.S.C. § 1125(c))**

26. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

27. Based on Mary Kay's use, publishing, advertising, marketing, and general popularity of the JOURNEY Marks, they have acquired fame such that the public associates the marks with Mary Kay, its products, and its commercial services.

28. The JOURNEY Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

29. The JOURNEY Marks were famous years before Defendants misappropriated them for use in commerce in connection with Defendant's commercial services.

30. Mary Kay has not authorized or licensed Defendants' use of any mark similar to the Journey Marks.

31. Upon information and belief, Defendants' adoption and commercial use of the JOURNEY Marks was undertaken knowingly and willfully.

32. By reason of the foregoing, Defendants have engaged in and are continuing to engage in acts which dilute and are likely to dilute the distinctive quality of Plaintiff's trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)).

33. Mary Kay has been damaged by Defendants' acts in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Plaintiff's famous trademarks, as well as its goodwill and reputation will continue to suffer immediate, substantial, and irreparable injury that cannot be adequately calculated and compensated in money damages.

34. Mary Kay is entitled to monetary damages and injunctive relief prohibiting Defendants from using any of the JOURNEY Marks, and any other trade name, trademark, service mark, user name, or domain name that is likely to be confused with Plaintiff's mark or otherwise unfairly competing with Plaintiff.  Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with its marks.  Money damages may not adequately compensate Plaintiff if it suffers damage to its reputation and associated goodwill through Defendants' use of the JOURNEY Marks.

## COUNT IV: Dilution (Texas Business and Commerce Code)

35. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

36. Mary Kay is the exclusive owner of its distinctive and famous JOURNEY Marks.

37. The JOURNEY Marks are inherently distinctive and have been used in commerce across many different types of media.

38. The JOURNEY Marks have garnered widespread publicity and public recognition in Texas and elsewhere.

39. Defendants' use of the JOURNEY Marks in the marketing, advertising, offering for sale, and selling of its commercial services constitute commercial use in commerce of the JOURNEY Marks.  Plaintiff has not authorized or licensed this use.

40. Defendants' use of the JOURNEY Marks in the marketing, advertising, offering for sale and selling of its commercial services actually dilutes, or is likely to dilute, the

distinctive quality of the JOURNEY Marks, and to lessen the capacity of Plaintiff's trademarks to identify and distinguish Plaintiff's goods and services.

41. Defendants' unlawful use of the JOURNEY Marks causes blurring and tarnishment in the minds of consumers thereby lessening the value of Plaintiff's trademarks and the unique identifier of Plaintiff's goods and services.

42. By the acts described above, Defendants have intentionally and willfully diluted the distinctive quality of Plaintiff's trademark and the acts of Defendants complained of herein constitute dilution of Plaintiff's famous trademarks in violation of the Texas Business and Commerce Code.

43. Plaintiff has been damaged by Defendants' actions in an amount to be determined at trial, and if Defendants' conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial, and irreparable injury that may not be adequately calculated and compensated in money damages.

## COUNT V: Unfair Competition (Texas Common Law)

44. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

45. Defendants' conduct constitutes unfair competition under Texas common law. As a result Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

## COUNT VI: Trademark Infringement (Texas Common Law)

46. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein

47. Defendants' conduct constitutes trademark infringement under Texas common law. As a result of Defendants' wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

### COUNT VII: Injunctive Relief

48. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

49. Defendants have damaged Mary Kay, and is continuing to damage Mary Kay, by the willful and unlawful acts complained of herein. Unless Defendants are restrained by this Court, it will cause irreparable injury to Mary Kay for which there is no adequate remedy at law.

### REQUEST FOR JURY TRIAL

50. Pursuant to Rule 38(b), Fed. R. Civ. P., Mary Kay demands a trial by jury.

### PRAYER

For the reasons stated above, Plaintiff Mary Kay Inc. prays for the following:

A. A decree that the JOURNEY Marks are infringed by the Defendants through the use of the JOURNEY Marks on the same or similar products;

B. A decree that Defendants' unauthorized use of the JOURNEY Marks is likely to cause confusion and mistake as to Defendants' affiliation, connection, and association with Mary Kay as to the origin, sponsorship, and approval of Defendants' infringing products by Mary Kay and constitutes trademark infringement and unfair competition under federal and common law;

C. A preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, subsidiaries, and those in

association, or working in concert with them, from using the JOURNEY Marks or any other mark confusingly similar to the JOURNEY Marks in connection with the manufacture, distribution, marketing and sale of the infringing products;

D. An order requiring that all Defendants' infringing product be recalled from the marketplace and all packaging and marketing materials bearing the JOURNEY Marks be destroyed;

E. An award of damages sustained as a result of Defendants' activities, trebled as allowed by law;

F. An award of exemplary damages sustained as a result of Defendants' activities;

G. An accounting of Defendants' sales resulting from Defendants' activities, and that their profits be paid over to Mary Kay, increased as the court finds to be just under the circumstances of this case and that the unlawfully obtained Mary Kay products in Defendants' possession, custody, or control be disposed of appropriately as the court finds to be just under the circumstances of this case;

H. An award of attorneys' fees and costs as allowed by law;

I. An award of prejudgment and post-judgment interest on all sums awarded; and

J. for such other and further relief as the court may deem just, equitable and appropriate.

DATED: May 9, 2014                    Respectfully submitted,

*/s/ Christopher J. Schwegmann*
John T. Cox III
tcox@lynnllp.com
Texas Bar No. 24003722
Christopher J. Schwegmann
cschwegmann@lynnllp.com
Texas Bar No. 24031515
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800  Telephone
(214) 981-3839  Facsimile

**ATTORNEYS FOR PLAINTIFF
MARY KAY INC.**

4819-5175-4779, v. 2